```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                    3:09CV110-MU-02
```

| | |
|---|---|
| CHARLES E. HINTON, et al., | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| MARTHA CURRAN, Mecklenburg | ) |
|   County Clerk of Court; | ) |
| KEVIN P. TULLY, Public Defender; | ) |
| PETER S. GILCHRIST, District Attorney of Mecklenburg County; and | ) |
| DANIEL E. BAILEY, Sheriff of Mecklenburg County, | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's[1] civil rights Complaint under 42 U.S.C. §1983 (document # 1), filed March 17, 2009. For the reasons stated herein, Plaintiff's Complaint will summarily be <u>dismissed</u>.

Plaintiff is no stranger to the federal courts within the State of North Carolina as he has filed at least 13 civil law suits with those tribunals. Indeed, a review of pertinent court documents reflects that on April 29, 1998, Plaintiff and other inmates filed a civil rights action in this Court against a

---

[1] The instant Complaint purports to be brought by Charles Hinton along with 14 other plaintiff-inmates. Although all 15 individuals signed the subject Complaint, none submitted a filing fee for this action. Equally critically, only Plaintiff Hinton signed and submitted an Application to proceed <u>in forma pauperis</u> for this action. Accordingly, the merits of this action only will be considered as to Plaintiff Hinton; and the Complaint will be summarily dismissed as to the other 14 individuals.

county sheriff and several others under case number 3:98CV184-M; however, on September 30, 1999, the action was dismissed for the plaintiffs' failure to state a claim for relief. Next, on May 23, 2000, Plaintiff and others filed a civil rights action in this Court against a district attorney and other individuals under case number 3:00CV246-M; however, on July 7, 2000, that action was dismissed for the plaintiffs' failure to state a claim for relief. On November 11, 2000, Plaintiff filed a civil rights action in this Court against a county employee under case number 3:00CV541-M; however, on November 15, 2000, that case was dismissed for Plaintiff's failure to state a claim for relief. Last, the subject records reflect that on October 16, 2001, Plaintiff filed a civil rights action in the United States District Court for the Eastern District of North Carolina against a North Carolina Prison official and other individuals under case number 5:01CV834-H; however, on December 4, 2001, that case was dismissed for frivolity.

Undaunted, Plaintiff has again returned to this Court with the instant civil rights action alleging that Defendants conspired to violate his constitutional rights to equal protection and his right to confront his accusers, essentially by denying him his statutory right under North Carolina law to a probable cause hearing at which he would have been able to challenge the prosecutor's case against him. Plaintiff claims that in practice,

defense attorneys refuse to move for probable cause hearings for their clients when such clients are in pre-trial detention. Notwithstanding whether such claim has any merit, the Court has observed that Plaintiff has not paid the $350.00 filing fee; therefore, he is not entitled to proceed with this action. Indeed, 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In the instant case, even when the Court sets aside the fact that Plaintiff's action has been brought against two parties who likely are immune from his claim (the district attorney and clerk of court) and/or another person against whom no civil rights action can be brought (the assistant public defender), the balance of this action against the Sheriff still cannot survive because of Plaintiff's failure to assert or even to suggest that he is in imminent danger of physical injury. See Kalina v. Fletcher, 522 U.S. 118 (1997) (noting application of absolute immunity for prosecutors); Burns v. Reed, 500 U.S. 478

3

(1991)(noting application of qualified immunity for clerks of court); and <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981) (noting that attorneys serving as public defenders are not state actors for the purposes of civil rights litigation).  Therefore, in light of Petitioner's failure to pay his filing fee, this action must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Complaint is **DISMISSED** without prejudice to Plaintiff's right to pay the filing fee and re-file this action.  <u>See</u> 28 U.S.C. §1915(g).

**SO ORDERED.**

Signed: March 24, 2009

Graham C. Mullen
United States District Judge