```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:09CV110-MU-02
```

CHARLES E. HINTON, et al.,   )
    Plaintiff,                )
                              )
     v.                       )
                              )
MARTHA CURRAN, Mecklenburg    )
  County Clerk of Court;      )
KEVIN P. TULLY, Public Defen- )
  der;                        )
PETER E. BAILEY, District At- )
 torney of Mecklenburg County;)
DANIEL E. BAILEY, Sheriff of  )
  Mecklenburg County,         )
    Defendants.               )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 10), filed May 22, 2009.

The record of this matter reflects that on March 17, 2009, Plaintiff filed a civil rights Complaint under 42 U.S.C. §1983 (document # 1) along with an Application to proceed with that action in <u>forma pauperis</u>. However, upon an initial review, the Court determined that Plaintiff already had sustained at least three dismissals for frivolity and/or failure to state a claim for relief. The Court also noted that the Complaint did not meet the requirements of 28 U.S.C. § 1915(g) so as to entitle Plaintiff to proceed with his action without having to prepay the fee. Accordingly, the Court dismissed Plaintiff's action without prejudice to his right to pay the filing fee and re-file that

matter.

However, Plaintiff has chosen instead to seek reconsideration of the dismissal of his action. (Doc. No. 10). Relevant here, Plaintiff contends that as a pre-trial detainee he is not covered by the Prisoner Litigation Reform Act "PLRA" (as codified under 28 U.S.C. § 1915, et seq.); therefore, he was not prohibited from proceeding in forma pauperis with his action. Plaintiff further contends that he paid the full filing fees for one of the prior actions upon which the relied (case number 3:00cv-246); and that he was a pre-trial detainee in one of the other cases upon which the Court relies. Thus, Plaintiff asks the Court to reinstate his case.

For its part, however, the Court notes that the PLRA does not distinguish between pre-trial detainees and convicted inmates in its application of the three-strikes provisions. Thus, the Court finds no basis for applying such a distinction. Second, the record of this matter reflects that Plaintiff did seek pauper status for the case to which he points, such case was dismissed as frivolous, and the Fourth Circuit Court of Appeals affirmed that decision. The fact that Plaintiff ultimately may have been required under the PLRA to pay the filing fee by installments is inconsequential because Plaintiff received a full review of the merits of his allegations before such time as he fully had paid

2

for that action.

On this basis, the Court can find no reason to disturb its earlier determination that Plaintiff was ineligible to proceed with his Complaint without first paying the full filing fee. Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 10) is **DENIED**.

**SO ORDERED.**

Signed: April 12, 2010

Graham C. Mullen
United States District Judge